IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

P. DAVID NEWSOME, JR., LIQUIDATING
TRUSTEE OF MAHALO ENERGY (USA),
INC.,

               Plaintiff;

v.

JEFF G. LAWSON, et al.,

               Defendants.

Civil Action No. 14-842-RGA

## MEMORANDUM ORDER

Before the Court is Plaintiff's Motion for Leave to Conduct Jurisdictional Discovery and Extension of the Briefing Schedule, filed on September 5, 2014. (D.I. 15). The parties fully briefed the matter (D.I. 16, 22, 27), appeared for oral argument on October 27, 2014 (D.I. 30), and provided supplemental briefing following oral argument. (D.I. 31–33). **IT IS HEREBY ORDERED** that Plaintiff's Motion is **GRANTED**.

"Although the plaintiff bears the burden of demonstrating facts that support personal jurisdiction, courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.'" *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) (internal citations omitted). "If a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between [the defendant] and the forum state, the plaintiff's right to conduct jurisdictional discovery should be sustained." *Id.* (internal quotation marks and citations omitted). "Where the plaintiff has made

1

this required threshold showing, courts within this Circuit have sustained the right to conduct discovery before the district court dismisses for lack of personal jurisdiction." *Id.*

Under Section 3114(b), any nonresident:

> [W]ho after January 1, 2004, accepts election or appointment as an officer of a corporation organized under the laws of this State, or who after such date serves in such capacity . . . shall, by such acceptance or by such service, be deemed thereby to have consented to [service of process] . . . in any action or proceeding against such officer for violation of a duty in such capacity . . . .

10 Del. C. § 3114(b).[1] For purposes of this section, the word "officer" is defined as:

> [A]n officer of the corporation who (i) is or was the president, chief executive officer, chief operating officer, chief financial officer, chief legal officer, controller, treasurer or chief accounting officer of the corporation at any time during the course of conduct alleged in the action or proceeding to be wrongful, (ii) is or was identified in the corporation's public filings with the United States Securities and Exchange Commission because such person is or was 1 of the most highly compensated executive officers of the corporation at any time during the course of conduct alleged in the action or proceeding to be wrongful, or (iii) has, by written agreement with the corporation, consented to be identified as an officer for purposes of this section.

*Id.* Additionally, a nonresident is subject to the jurisdiction of Delaware courts where the person "[t]ransacts any business or performs any character of work or service in the State," or "[c]auses tortious injury in the State by an act or omission in this State." 10 Del. C. § 3104(c)(1) & (3).[2] Delaware courts have "repeatedly recognized" that "[t]he involvement of a

---

1 The briefing on the meaning of § 3114(b) is cursory, and, in particular, I doubt that the language "who after such date serves in such capacity" is meant to include individuals not elected or appointed to serve as an officer of a corporation. The obvious intent of that clause is to include those elected or appointed before January 1, 2004, who continue to serve after January 1, 2004. Plaintiff, who relies on this language in support of his personal jurisdiction argument, has not produced a case that says otherwise.

2 These statutes confer specific jurisdiction. *See Boone v. Oy Partek Ab*, 724 A.2d 1150, 1155 (Del. Super. Ct. 1997), *aff'd*, 707 A.2d 765 (Del. 1998) ("Sections 3104(c)(1), (c)(2) and (c)(3) have been deemed to be specific jurisdiction provisions."). "Specific jurisdiction is at issue when the plaintiff's claims arise out of acts or omissions that take place in Delaware. In this circumstance, jurisdiction is based on the relationship between the forum and the controversy." *Id.* (internal citations omitted).

2

defendant in arranging, either directly or through an agent . . . for the filing of a corporate instrument in Delaware that facilitated transactions under challenge in litigation" is "sufficient to constitute the transaction of business under § 3104(c)(1)." *Sample v. Morgan*, 935 A.2d 1046, 1057 (Del. Ch. 2007). "When a Delaware corporation is financially injured by faithless conduct of its directors, the corporation is injured in its legal home, this State, for purposes of § 3104(c)(3)." *Id.*

Plaintiff has alleged sufficient facts to suggest the existence of minimum contacts between Defendants, Grant A. MacKenzie and Jeff G. Lawson, and the state of Delaware. First, Plaintiff alleges that MacKenzie served as corporate secretary and *de facto* chief legal officer for Mahalo Energy (USA), Inc. ("Mahalo USA"), a Delaware corporation. (D.I. 31 at 1–2). Plaintiff argues that Section 3114(b) applies to both appointed officers and those "serving in such capacity," and thus covers MacKenzie's *de facto* position. (D.I. 30 at 7:1–5).[3] Second, Plaintiff alleges that Defendants transacted business in the state, within the meaning of Section 3104(c)(1), by filing Mahalo USA's certificate of incorporation in Delaware. (D.I. 31 at 2). Plaintiff also alleges that the present action arises out of Defendants' role in Mahalo USA's incorporation. (*Id.*). Third, Plaintiff alleges that Defendants are subject to jurisdiction under Section 3104(c)(3) because they caused tortious injury in Delaware by breaching their fiduciary duties as attorneys for Mahalo USA. (*Id.* at 3). Fourth, and finally, Plaintiff alleges that Defendants aided and abetted the officers and directors of Mahalo USA in their breaches of fiduciary duty, and are subject to conspiracy theory jurisdiction. (*Id.* at 4). Thus, Plaintiff has alleged sufficient facts to establish that Plaintiff's claim for the Court's personal jurisdiction over

---

3 I am dubious about this argument as applied to the *de facto* chief legal officer, and I do not understand Plaintiff to argue that "corporate secretary" confers any sort of jurisdiction. *But see* D.I. 31 at 1–2. "Corporate secretary" is not a position listed under the definition of "officer" in § 3114(b).

3

Defendants is not "clearly frivolous." *See generally Sample*, 935 A.2d 1046. It may be that Plaintiff cannot sustain his burden of showing personal jurisdiction, but I am going to give him an opportunity to try. Therefore, Plaintiff's Motion is granted.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Conduct Jurisdictional Discovery and Extension of the Briefing Schedule is **GRANTED**. Plaintiff shall be afforded sixty (60) days from the date of this Order to conduct jurisdictional discovery. By no later than March 6, 2015, Defendants may elect to renew their previously filed motion to dismiss and briefing (D.I. 11, 12, 13) as it was, file a new motion and briefing, or answer the complaint. If either of the first two options is pursued, subsequent briefing shall comply with the Local Rules.

Entered this 11th day of December, 2014.

United States District Judge