IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| P. DAVID NEWSOME, JR., LIQUIDATING TRUSTEE OF MAHALO ENERGY (USA), INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>JEFF G. LAWSON, an individual; and GRANT A. MACKENZIE, an individual,<br><br>Defendants. | Civ. No. 14-842-RGA |

**MEMORANDUM ORDER**

Pending before the court is a motion for leave to file a first amended complaint (D.I. 86) by Plaintiff P. David Newsome, Jr., Liquidating Trustee and successor-in-interest to, inter alia, the claims of the reorganized debtor, Mahalo Energy (USA), Inc., a Delaware corporation.

Leave to file an amended complaint should be granted freely "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Third Circuit has adopted a policy of "strong liberality" in the amendment of pleadings. *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990). "This approach ensures that a particular claim will be decided on the merits rather than on technicalities." *Id.*

Defendants have raised none of the concerns that typically weigh in favor of denying a motion to amend, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the

opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Id.* Instead, defendants oppose the amendment based on lack of standing, lack of personal jurisdiction, and failure to state a claim. These arguments are more appropriately considered upon renewal of defendants' motion to dismiss or a motion for summary judgment. *See Mylan Pharm., Inc. v. Kremers Urban Dev.*, 2003 WL 22711586, at *3 (D. Del. Nov. 14, 2003) (granting motion to amend because defendants' argument that plaintiff lacked standing was premature); *Summerville v. Gregory*, 2015 WL 4623515, at *3 (D.N.J. Aug. 3, 2015) ("In the interests of judicial economy and in the absence of undue prejudice, the Court may decline to engage in a detailed futility analysis where the Court finds that these arguments are better suited for consideration in the context of a motion to dismiss.").

NOW, THEREFORE, at Wilmington this 27 day of April, 2016, it is HEREBY ORDERED that:

1. Pursuant to Fed. R. Civ. P. 15(a)(2), plaintiff's motion for leave to file a first amended complaint (D.I. 86) is **GRANTED**.

United States District Judge