# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| P. DAVID NEWSOME, JR., LIQUIDATING TRUSTEE OF MAHALO ENERGY (USA), INC., a Delaware corporation,<br><br>        Plaintiff<br><br>        v.<br><br>JEFF G. LAWSON, an individual; and GRANT A. MACKENZIE, an individual,<br><br>        Defendants. | Civil Action No. 14-cv-00842-RGA |

## PLAINTIFF'S LIMITED OBJECTIONS UNDER FRCP 72(a) TO CHIEF MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDATIONS ON DISCOVERY MATTERS

COOLEY LLP

Ali M.M. Mojdehi (Cal. Bar No. 123846)
Janet Dean Gertz (Cal. Bar No. 231172)
4401 Eastgate Mall
San Diego, CA 92121
Telephone: (858) 550-6000
Facsimile: (858) 550-6420
Email: amojdehi@cooley.com
       jgertz@cooley.com

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
       joneill@pszjlaw.com

*Counsel to Plaintiff P. David Newsome, Jr., Liquidating Trustee of Mahalo Energy (USA), Inc.*

Dated: July 11, 2016

P. David Newsome, Jr., Liquidating Trustee ("Trustee") hereby files his limited Objection ("Objection") to the Findings and Recommendations by Chief Magistrate Judge Mary Pat Thynge ("Magistrate") on the parties' jurisdictional discovery disputes.[1] This Objection is brought pursuant to the authority granted by Fed. R. Civ. Proc. 72(a), and D. Del. LR 7.1.5(a), which govern review of referred pre-trial matters that are not dispositive of a party's claim or defense.

I.   **INTRODUCTION**

The Trustee respectfully requests that the Court would utilize its authority under Fed. R. Civ. Proc. 72(a) to modify and, as may be required, to clarify the findings of the Magistrate, vis-à-vis the question of (i) the existence of attorney client privilege, as among the parties to a joint representation and their joint counsel; and (ii) the separate question of "waiver" of such privilege by any of the parties to a joint representation.

The Trustee respectfully states that it is beyond cavil that there is *no* privilege among the parties to a joint representation and their counsel. Because neither jointly represented party may assert the privilege (as the owner of the privilege) against the other jointly represented party, likewise their counsel cannot assert the privilege against one joint client on the other joint party's behalf. The separate question of whether any party to the joint representation may *waive* the privilege as to any *third party* does not *limit* the first principle—that there is no privilege as between and among the parties to the joint representation and their counsel. Rather, the restriction on waiver merely requires that neither of the parties nor their counsel may disclose the privileged communications to *third parties*.

Applying these principles here, *first* neither Parent nor BDP may assert the attorney client privilege against Mahalo USA (or here, against the Trustee, who steps into the shoes of Mahalo USA). *Second*, because Parent—the joint holder of the privilege—cannot assert the attorney client privilege against Mahalo USA—the other joint holder of the privilege—nor can BDP assert it on Parent's behalf against Mahalo USA. Thus, the Trustee is entitled to obtain discovery of all

---

[1] Terms used but not defined herein are as defined in the Amended Complaint.

1

documents and communications within the scope of BDP's joint representation of Parent and Mahalo USA, and such production from one joint client to the other does not result in any waiver. *Third*, although the Magistrate's findings and conclusions are correct that the Trustee cannot *waive* the privilege by disclosing that information to any third party, this restriction on waiver does not limit the Trustee's right to *receive* the communications that are within the scope of the joint representation from BDP. *Fourth*, because all of the parties to this litigation are parties to the joint representation, any waiver of the privilege would only occur upon disclosure in any filing, deposition, hearing or trial. Such waiver may thus be prevented by the use of a joint stipulated protective order that requires the parties to protect as confidential and to file any such privileged communications that are within the scope of the joint representation under seal.

The Trustee respectfully requests that the Magistrate's findings and recommendations would be modified in accordance with these principles.

## II. OBJECTION
### A. Applicable Legal Principles to District Court Review of a Magistrate's Order

Fed. R. Civ. Proc. 72(a) provides that following a written order stating the decision of a magistrate judge on a "pretrial matter not dispositive of a party's claim or defense" that has been referred by a district court, "[a] party may serve and file objections to the order within 14 days after being served with a copy."

Discovery is a nondispositive pretrial matter that may be referred for disposition to a magistrate judge. Even when a discovery dispute involves a question of privilege, the ruling is considered nondispositive. *See Tompkins v. R.J. Reynolds Tobacco Co.*, 92 F. Supp. 2d 70, 74 (N.D.N.Y. 2000).

The district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." FRCP 72(a). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made; a determination is contrary to law if

the magistrate judge misinterpreted or misapplied applicable law. *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004). For pure issues of law, however, "there is no practical difference between" the de novo standard of review and the clearly erroneous standard of review. *Williams v. Beemiller, Inc.,* 527 F.3d 259, 265. The Objection here states a pure issue of law.

  **B.**  **The Specific Findings of the Magistrate to Which Objection Is Made**

Judge Thynge made her rulings on the record at the hearing that was held on Thursday, June 9, 2016. A true and correct copy of the Certified Transcript of the Proceedings on June 9, 2016 are attached hereto as Exhibit "A" (hereinafter, "Transcript").

The rulings and determinations *of law* that the Trustee raises Objection to are as follows:

Page 19, line 13- through Page 20, line 19;

Page 21, lines 4-21;

Page 24, lines 2-19;

Page 25, line 8 through Page 26, line 4;

Page 32, line 12-19; and

Page 113, line 5 through Page 114, line 13;

As evidenced by the above referenced sections of the Transcript, Judge Thynge appears to have conflated the issue of privilege—as among joint clients and their attorneys—with the separate matter of waiver—which only applies to disclosures made outside the circle of the joint representation. As such, even though stating that she was being guided by *Teleglobe*, [*see,* Transcript, at 18:19, 18:22, 19:3, 19:14, 19:24, 20:19, 20:22, 21:15, 21:18, 23:11, 24:23, 24:24, 25:10, 25:11, 25:17, 28:12, 32:10, 113:17-18, 115:13], in fact, the ruling shields production of materials created in a joint representation to *one of the joint clients*, which runs directly contrary to *Teleglobe*. The holding of *Teleglobe* is that no privilege may be asserted on or behalf of one joint client against the other joint client. The privilege may be asserted against a third party, but

3

here, the Trustee is not a "third party." Judge Thyne's ruling, by refusing to allow the Trustee access to documents created in the scope of the joint representation, imposes an artificial privilege that does not exist under law, and certainly not under *In re Teleglobe Communications Corp.,* 493 F.3d 345 (3rd Cir. 2007).

Judge Thynge also appears to have created a new rule of law, holding that where a party to a joint representation sues a lawyer, the case then falls outside of the rule in *Teleglobe*, and creates a right of one joint client to asset a privilege against the other joint client:

> I think when we're talking about breach of duty by a lawyer or a client, I think that has nothing to do with joint representation by a lawyer to two clients or by two lawyers to the same two clients. I think that has to do with single lawyer or lawyer to that one client. It has nothing to do with joint representation. [Transcript at 32, lines 13-19.]

In so doing, however, Judge Thynge appears to have conflated the separate matter of the ability of one of the parties to the joint representation to *waive the privilege unilaterally*, (which Judge Thynge correctly ruled requires the other joint client's consent) with the issue of whether the privilege may be asserted against the joint client (which cannot be done). The rule in *Teleglobe*—that one joint client cannot assert a privilege against another joint client—applies regardless of whether one of the joint clients sues their attorney for breach. In fact, the Third Circuit in *Teleglobe* held that all communications made in the course of the joint representation are discoverable by each party. *Id*. at 366. This "default rule against information shielding" is in accord with the "fiduciary obligations attorneys owe *both clients* to a joint representation." *Id*. at 368. There is nothing in *Teleglobe* that supports the assertion of a privilege, as between joint clients, if one of the joint clients sues their common counsel.

Waiver is another matter. But, just because the Trustee would not be able to unilaterally waive the privilege in this action does not limit his entitlement to receive the documents in the first place. Then, after the Trustee receives the documents he is entitled to receive, the matter of waiver can be addressed easily by use of a joint protective order, which would (i) require

protection of the materials as privileged and prevent disclosure to third parties in the course of the proceedings; and (ii) would require the filing under seal of any privileged documents or communications. To hold otherwise would unfairly hinder joint clients in connection with suits for breach of duty by their counsel. In this respect, a client should receive the benefits of Delaware Code of Evidence Section 502(d)(3), which provides that "[t]here is no privilege under this rule . . . [a]s to a communication relevant to an issue of breach of duty by the lawyer to the client or by the client to the lawyer . . . ."

### III. CONCLUSION

In light of the foregoing, Trustee requests that the findings and conclusions of the Magistrate would be amended accordingly.

Respectfully submitted,

Dated: July 11, 2016

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Laura Davis Jones*
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:   (302) 652-4400
Email: ljones@pszjlaw.com
         joneill@pszjlaw.com

COOLEY LLP

*/s/ Ali M.M. Mojdehi*
Ali M.M. Mojdehi (Cal. Bar No. 123846)
Janet Dean Gertz (Cal. Bar No. 231172)
4401 Eastgate Mall
San Diego, CA 92121
Telephone:  (858) 550-6000
Facsimile:   (858) 550-6420
Email: amojdehi@cooley.com
         jgertz@cooley.com

*Counsel to P. David Newsome, Jr.,*
*Liquidating Trustee of Mahalo Energy (USA), Inc.*