# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| P. DAVID NEWSOME, JR., LIQUIDATING TRUSTEE OF MAHALO ENERGY (USA), INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>JEFF G. LAWSON, an individual and partner at Burnet, Duckworth and Palmer, LLP; and GRANT A. MACKENZIE, an individual and partner and/or associate at Burnet, Duckworth and Palmer, LLP,<br><br>    Defendants. | Civil Action No. 14-cv-00842-RGA-MPT |

**PLAINTIFF'S OBJECTIONS UNDER FRCP 72(a) TO CHIEF MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDATIONS ON DISCOVERY MATTERS**

**Barnes & Thornburg LLP**
Thomas E. Hanson, Jr. (Bar No. 4102)
thanson@btlaw.com
1000 N. West Street, Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 300-3434
Facsimile: (302) 300-3456

**Barnes & Thornburg LLP**
Ali M.M. Mojdehi
amojdehi@btlaw.com
Janet Dean Gertz
jgertz@btlaw.com
655 West Broadway, Suite 900
San Diego, California 92101
Telephone: (619) 321-5000
Facsimile: (310) 284-3894

*Counsel for Plaintiff P. David Newsome, Jr., Liquidating Trustee of Mahalo Energy (USA), Inc.*

Dated: May 31, 2018

P. David Newsome, Jr., Liquidating Trustee ("Plaintiff") of Mahalo Energy (USA) Inc. ("Mahalo USA") hereby files his objection to the findings and recommendations by Chief Magistrate Judge Mary Pat Thynge ("Magistrate") dated May 11, 2018 ("Findings and Recommendations"):

## I. INTRODUCTION

The Trustee respectfully requests the Court utilize its authority under Federal Rule of Civil Procedure 72(a) to modify the Finding and Recommendations. Plaintiff submits the Magistrate erred in her determination that the remaining documents appearing on Defendants' Privilege Log entitled, *"Privilege Log for Production of Documents Related to Mahalo USA Dated After May 21, 2009 If Such Documents Relate to Pre-Bankruptcy Matters that are the Basis of Plaintiff's Complaint,"* ("Privilege Log") are not discoverable by Plaintiff because (1) they are not relevant to the question of personal jurisdiction over the Defendants, or (2) in the alternative, the documents are privileged.

*First*, the Magistrate's finding the documents listed on the Privilege Log are not relevant contradicts the Magistrate's prior finding in June 2016, requiring Defendants to produce the Privilege Log for any documents related to Mahalo USA dated after May 21, 2009, the date of Mahalo USA's bankruptcy filing, if such documents relate to pre-bankruptcy matters that are the basis of Plaintiff's Complaint, because such documents were jurisdictionally relevant. The title of the Privilege Log reflects the Magistrate's ruling on relevance, and confirms its limited scope, *i.e.*, documents related both to the Complaint and to Mahalo USA. The documents listed on the Privilege Log are therefore relevant by definition, because Defendants themselves determined they were within the scope of the Magistrate's prior finding. The Magistrate's prior finding was correct; the Magistrate's contradictory later finding was not.

1

***Second***, the Magistrate's determination, in the alternative, that the documents in the Privilege Log are otherwise privileged contradicts the law of the case expressed in this Court's Memorandum Opinion dated December 12, 2017. The principles of law set forth in the Memorandum Opinion leave no doubt that the documents on the Privilege Log are not privileged. Specifically, privilege only applies if the documents are outside the scope of the joint representation, and the burden is on *Defendants* to "demonstrate that the communications are related to an individual matter for which they were separately retained." [D.I. 149, at 14.] This burden cannot be been met by Defendants, in light of the express scope of the Privilege Log, and the Magistrate erred in finding the Memorandum Opinion did not apply. The Findings and Recommendations should be modified to make them consistent with the Memorandum Opinion.

## II.     RELEVANT BACKGROUND

### A.     The June 9, 2016 Discovery Hearing

On June 9, 2016, the parties participated in a discovery hearing. One of the issues heard was Plaintiff's challenge to Defendants' privilege claims. Specifically, Defendants had produced a privilege log of documents dated prior to May 21, 2009. Another issue heard was Defendants' assertion that any documents dated after May 21, 2009 were categorically irrelevant.

Judge Thynge upheld Defendants' privilege claims. On July 11, 2016, Plaintiff filed an objection to the privilege ruling. [D.I. 129.] Regarding documents dated after May 21, 2009, Judge Thygne ruled such documents were only jurisdictionally relevant if they related to Mahalo USA and events prior to May 21, 2009. [*See* **Exhibit B** hereto, 125:11-17 ("[I]f there were documents related to Mahalo USA about events that had occurred prior to the bankruptcy, I could see how those could be relevant, and so I'm going to require you to check and produce those."); *see also* 126:20-127:2 ("And I'm not making a ruling on that as far as the date of May 21, 2009, except for the extent that there were references regarding Mahalo USA that related to

events prior to the filing of the bankruptcy, that was done post, documents that were prepared, E-mails were prepared post May 21st, 2009.").]

Defendants did *not* object to the relevance ruling.[1] Defendants selectively produced some documents within the scope of the Magistrate's relevance ruling but also withheld documents on a second Privilege Log entitled "Privilege Log for Production of Documents Related to Mahalo USA Dated After May 21, 2009 If Such Documents Relate to Pre-Bankruptcy Matters that are the Basis of Plaintiff's Complaint." [*See* D.I. 154, Ex. 1.]

### B. The October 18, 2017 Discovery Hearing

Later, Defendants selectively produced seven of the approximately thirty-eight documents on the second Privilege Log. On August 18, 2016, Plaintiffs submitted a letter brief contesting Defendants' assertions of privilege as to the remaining documents. [D.I. 140.] On October 18, 2017, the Magistrate held a telephonic conference.[2] The Magistrate reiterated the June 9 relevance ruling that "documents after [May 21, 2009] that contained references regarding Mahalo USA that related to events filed prior to the filing of the bankruptcy would be included in that discovery would be part of that discovery. Production of those documents were ordered unless a privilege applied. Defendants were ordered to prepare a privilege log . . . ." [**Exhibit C** hereto, at 5:10-21.] The Magistrate upheld Defendants' privilege claims.

### C. The Court's December 12, 2017 Memorandum Opinion

However, on December 12, 2017, this Court issued its Memorandum Opinion addressing Plaintiff's objection to the earlier privilege ruling. [D.I. 149.] The Court found that both the adverse litigation exception and the breach of duty exception apply where one joint client sues a joint attorney. Particularly, the Court found "Plaintiff is entitled to all

---

[1] Defendants acknowledged they were ordered "to produce Mahalo USA documents dated after May 21, 2009 only if such documents related to pre-bankruptcy matters that are the basis of Plaintiffs' complaint." [D.I. 127, ¶8.]
[2] An earlier hearing was held on August 24, 2016 but no ruling was made at the time. [*See, e.g.,* D.I. 144.]

- 3 -

communications that fall within the scope of the joint representation, including communications where one joint client is not present." [*Id.* at 12.] Although the Court did not rule on the scope of the joint representation, the opinion directs that the burden is on Defendants to "demonstrate that the communications are related to an individual matter for which they were separately retained." [*Id.* at 14.]

### D. The May 11, 2018 Discovery Hearing

On January 18, 2018, the Magistrate held a discovery conference to address the Memorandum Opinion. At the conference, Defendants agreed to produce the documents on the first privilege log pursuant to a protective order but not the second Privilege Log. The Magistrate set deadlines for the parties to meet and confer with respect to the application of the Memorandum Opinion to the second Privilege Log and to submit letter briefs if the parties had a dispute. On March 9, 2018, Plaintiff submitted his letter contending the Memorandum Opinion applies equally to the second Privilege Log. [D.I. 154.] Plaintiff additionally submitted evidence even though it is not his burden to do so. [D.I. 155.] Defendants responded on March 16, 2018, without offering any evidentiary support. [D.I. 156.] The Magistrate held a hearing on May 11, 2018 and ruled the remaining documents on the Privilege Log are not jurisdictionally relevant.

## III. OBJECTION

### A. Standard of Review

Fed. R. Civ. Proc. 72(a) provides that following a written order stating the decision of a magistrate judge on a "pretrial matter not dispositive of a party's claim or defense" that has been referred by a district court, "[a] party may serve and file objections to the order within 14 days after being served with a copy." Discovery is a nondispositive pretrial matter that may be referred for disposition to a magistrate judge. Here, Judge Thygne directed that the time period for objection would run from the date the transcript of the May 11, 2018 hearing, which contains

Judge Thygne's rulings, was filed on the docket.[3] The transcript was filed on May 17, 2018 (*see* D.I. 162) and as such, Plaintiff's objection is timely. A certified copy of the transcript of the proceedings on May 11, 2018 is attached hereto as **Exhibit A** (hereinafter, "Transcript").

The district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." FRCP 72(a). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made; a determination is contrary to law if the magistrate misinterpreted or misapplied applicable law. *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004). For issues of law, "there is no practical difference between" the de novo standard of review and the clearly erroneous standard. *Williams v. Beemiller, Inc.,* 527 F.3d 259, 265 (2d Cir. 2008).

B. **The Findings and Recommendations to Which Objection is Made**

The Findings and Recommendations to which the Trustee objects are as follows:

> I think Judge Andrews' decision was limited to certain types of findings that I made previously.
>
> The issue here seems to be that most, if not all, of the documents relate to anticipation of litigation in which Mahalo USA was potentially basically threatening in lawsuit against the prior D&Os, present D&Os and others.
>
> Discussions would have then arisen post the filing of the bankruptcy, and the only reason they were on this list was because they related to matters pre the filing of the bankruptcy, but it's clear the documents that were after the May 2[1], 2009 date.
>
> And by that time, it was clear from the evidence that has been presented and indicated, and has not been disputed in many respects, that there were threats of litigation by certain parties and individuals by or on behalf of Mahalo USA. And based upon this information and clarification by both counsel, which I do appreciate your help, my ruling is that these documents are not discoverable for the purpose that we are limited to this matter right now.

---

[3] "Obviously, anything that happened prior to my rulings to October 2017, I do feel the time period has run for both sides to file objections. But since my rulings starting in the October 2017 time frame, January 2018 and today's session are interconnected, I am requiring that any objections that would be filed shall be issued or shall be due 14 days after the transcript of today's session is docketed." [Transcript, at 45:8-17.]

> One, I find them not to be discoverable because there's no indication whatsoever that they relate to jurisdictional discovery. That is all the further my ruling is going. Whether this issue can be raised later on once we get past the point of getting through this jurisdictional discovery, actually having the appropriate motion filed, I leave for another day. [Transcript, 41:8-42:22.]

As demonstrated by the quoted passage, the Magistrate denied Plaintiff's request that Defendants produce the remaining documents on the second Privilege Log on grounds that the documents are not relevant. However, the Magistrate already ruled in June 2016 that the documents on the second Privilege Log are jurisdictionally relevant. The Magistrate's present ruling is contrary to law because it violates the law of the case doctrine and no recognized exception applies.[4] *See Patel v. Sun Co.*, 141 F.3d 447, 461 (3d Cir. 1998) (explaining that the three recognized exceptions to the law of the case doctrine that allow a court to reconsider a previous ruling in the same case are new evidence, new law or that the earlier decision was clearly erroneous and unjust). The ruling is additionally clearly erroneous because the Defendants have admitted the relevance of the withheld documents through their own conduct. The Privilege Log itself only encompasses documents that Defendants determined fell within the Magistrate's relevance ruling. This is apparent from, *e.g.*, the title of the Privilege Log. Further, Defendants have selectively produced other documents in the same category, that is documents dated after May 21, 2009 but relating to Mahalo USA and events prior to May 21, 2009, including having selectively produced some documents initially included on the Privilege Log. In this respect, the selective production of some documents the Magistrate previously ruled to be relevant but not others is unfair. *See, e.g., In re Brown*, 2013 WL 623156, at *7 (Bankr. D.N.J. Feb. 19, 2013) (finding a party's "selective production" of financial records to be "evidence of her intention to stymie Plaintiffs from being able to proceed in this litigation.").

---

[4] *See also Williams v. Runyon*, 130 F.3d 568, 573 (3d Cir. 1997) ("Although it is often said that the law of the case doctrine does not limit the power of trial judges to reconsider their prior decisions, this court has identified two prudential considerations that limit a court's authority to do so. First, the court must explain on the record the reasoning behind its decision to reconsider the prior ruling. Second, the court must take appropriate steps so that the parties are not prejudiced by reliance on the prior ruling.").

Further, the Magistrate's earlier ruling on relevance was correct. The documents at issue, by Defendants' admission relate to Mahalo USA and "Relate to Pre-Bankruptcy Matters **that are the Basis of Plaintiff's Complaint**. This alone demonstrates jurisdictional relevance. The withheld documents include communications with Defendants and/or their law firm relating to a derivative action the creditor's committee in Mahalo USA's bankruptcy case was seeking to pursue. Being a derivative action relating to a Delaware corporation, Delaware law would apply. Delaware has rejected the antiquated notion that someone must be physically present in Delaware in order to have transacted business or performed services in the state.[5] The withheld documents implicate advice on Delaware law and are relevant to the due process requirements for personal jurisdiction as well as establishing personal jurisdiction through Defendants' participation in a conspiracy with the officers and director of Mahalo USA and others.[6] *See, e.g., Sample v. Morgan*, 935 A.2d 1046, 1065 (Del. Ch. 2007) ("For sophisticated counsel to argue that they did not realize that acting as the de facto outside general counsel to a Delaware corporation and regularly providing advice about Delaware law about matters important to that corporation and its stockholders might expose it to this court's jurisdiction fails the straight-face test."). Additionally, the Magistrate's previous ruling that there is no per se temporal cutoff for jurisdictional discovery was correct. *See McMullen v. European Adoption Consultants, Inc.*, 109 F.Supp.2d 417, 420 (W.D. Pa. 2000) ("The Court of Appeals for the Third Circuit has found that the minimum contacts inquiry may include events occurring before, during and after the event giving rise to the cause of action.").

---

[5] *See, e.g., Aeroglobal Capital Mgmt., LLC v. Cirrrus Indus., Inc.*, 871 A.2d 428, 440 (Del. 2005) (explaining that "physical presence . . . is not the *sine qua non* for jurisdiction under Delaware's Long Arm Statute.").
[6] Also, in challenging this Court's jurisdiction, Defendants filed declarations stating, among other things, that they and their law firm never advised Mahalo USA, or any other person or entity on Oklahoma, Delaware, or US law. [D.I. 13-1 (A136, ¶8; A141, ¶15).] Plaintiff is entitled to jurisdictional discovery relevant to testing Defendants' declarations. *See Hansen v. Neumueller GmbH*, 163 F.R.D. 471 (D. Del. 1995).

The Magistrate further erred as a matter of law in finding the Memorandum Opinion is inapplicable to the Privilege Log. The Magistrate reasoned the opinion did not apply because of the potential derivative action at the time of the subject communications. First, the Memorandum Opinion governs how to determine if communications fall within the scope of the joint representation—Defendants must "demonstrate that the communications are related to an individual matter for which they were separately retained." Defendants submitted no evidence. The only evidence before the Magistrate was that submitted by Plaintiff which shows a continuing representation of Mahalo USA during the time at issue. [D.I. 155.] Second, the threat of a derivative suit does not operate to terminate Defendants' representation of Mahalo USA. There are circumstances where counsel can represent both the corporation and individual defendants in the derivative context. *See, e.g., Scott v. New Drug Servs., Inc.*, 1990 WL 135932, at *4 (Del. Ch. Sept. 6, 1990) ("I am not persuaded that separate representation is mandated in all situations."). Third, even if Defendants should not have been representing Mahalo USA, this Court has already explained "Defendants cannot maintain a claim of privilege over communications relevant to the matter of common interest for which they were retained as joint attorneys by claiming that they had a conflict of interest within that joint representation." [D.I. 149, at 14.] In sum, the principles of law established by the Memorandum Opinion do not change simply because there was a threat of derivative litigation. To claim a privilege, Defendants needed to show that the "the communications are related to an individual matter for which they were separately retained." The Magistrate erred in not applying this standard. Further, Defendants did not meet their burden where the only evidence weighs against them.

## IV.   CONCLUSION

In light of the foregoing, Plaintiff requests that the Findings and Recommendations would be amended accordingly.

|  |  |
|---|---|
| Dated: May 31, 2018 | Respectfully submitted,<br><br>BARNES & THORNBURG LLP<br><br>By: /s/ *Thomas E. Hanson, Jr.*<br>Thomas E. Hanson, Jr. (Bar No. 4102)<br>1000 N. West Street, Suite 1500<br>Wilmington, Delaware  19801<br>Telephone:(302) 300-3434<br>Facsimile:  (302) 300-3456<br>thanson@btlaw.com<br><br>Ali M.M. Mojdehi<br>Janet Dean Gertz<br>655 West Broadway, Suite 900<br>San Diego, California  92101<br>Telephone:(619) 321-5000<br>Facsimile:  (310) 284-3894<br>amojdehi@btlaw.com<br>jgertz@btlaw.com<br><br>*Counsel for Plaintiff P. David Newsome, Jr., Liquidating Trustee of Mahalo Energy (USA), Inc.* |